**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Leshaundra Walker,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-02316-PHX-KML

**ORDER**

Plaintiff Leshaundra Walker seeks review of the Social Security Commissioner's final decision denying her disability insurance benefits and supplemental security income. (Doc. 11.) Walker argues the Administrative Law Judge ("ALJ") improperly discounted the opinion of consultative examiner Dr. Gordon and failed to appropriately account for her fatigue symptoms. (Doc. 11 at 1-2.) Because the ALJ's ruling was not supported by substantial evidence, it is vacated and remanded for further proceedings.

## I. Background

### A. Procedural History

Walker filed an application for disability and disability insurance benefits on September 23, 2021. (AR 13.) A few weeks later, on October 13, 2021, she filed an application for supplemental security income. (AR 13.) Both were based on alleged disability that began June 25, 2020. (AR 13.) Those claims were denied initially and upon reconsideration. (AR 13.) A telephone hearing was scheduled for May 1, 2024, but Walker did not appear despite multiple attempts to reach her. (AR 13.) She also failed to respond

to a request to show cause for failure to appear at the hearing, after which her lawyer withdrew from representation. (AR 13.) On July 26, 2024, an ALJ issued an unfavorable decision. (AR 10.) She retained new counsel in the fall of 2024 but was unable to engage with those lawyers in time for them to timely submit a request for review. (AR 9.) The Appeals Council denied the untimely request for review after finding there was no good cause to extend the filing deadline (AR 1, 4) and she then appealed to this court.

**B. Five-Step Evaluation Process**

Under the Social Security Act, a claimant for disability insurance benefits must establish disability prior to the date last insured. 42 U.S.C. § 423(c); 20 C.F.R. § 404.131. A claimant is disabled under the Act if she cannot engage in "substantial gainful activity" because of a medically-determinable physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months or more. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

Whether a claimant is disabled is determined by a five-step sequential process. *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022) (summarizing 20 C.F.R. § 404.1520(a)(4) procedure). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the claimant must show she was not engaged in work that constitutes substantial gainful activity; she must then show her impairment is medically severe. § 404.1520(a)(4)(i)-(ii). At step three, the claimant must show that her impairment or combination of impairments meets or medically equals the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant meets her burden at step three, she is presumed disabled and the analysis ends. *Id*. If not, at step four, the claimant must show her residual functional capacity—the most she can do with her impairments—precludes her from performing her past relevant work. *Id*. If the claimant meets her burden at step four, then at step five the Commissioner must determine if the claimant is able to perform other work, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

§ 404.1520(a)(4)(v); *see* § 1382c(a)(3)(B) (that work should "exist[] in significant numbers" in the national economy). If so, the claimant is not disabled. *Id*.

After reviewing her work activity, the ALJ found Walker engaged in substantial gainful activity between October 2022 through June 2023, based on those years' earnings thresholds for substantial gainful activity. (AR 16-17.) The ALJ continued the analysis for the periods of time Walker did not engage in substantial gainful activity, finding she met her burden for the second step but at step three failed to show her impairments meet or medically equal an impairment listed in the relevant appendix. (AR 19-20.) After reviewing the entire record, including medical consultant testimony, the ALJ found Walker could perform "light work," including standing and walking for four hours; sitting for more than six hours; and following "detailed and simple instructions" such that she is capable of working as a marker, assembler, or office helper. (AR 23-24, 32, 34-35.)

**II. Standard of Review**

The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but may be less than a preponderance" and is such that "a reasonable person might accept as adequate to support a conclusion." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). The court reviews only those issues raised by the party challenging the decision. *See id.*, 236 F.3d at 517 n.13.

**III. Discussion**

Walker argues the ALJ committed two materially-harmful legal errors in analyzing her claim: (1) failing to adequately articulate the "consistency and supportability" of Dr. Gordon's opinion evidence regarding her fatigue; and (2) failing to cite clear and convincing reasons to discount her own reports of severe fatigue. (Doc. 11 at 1-2.)

**A. Dr. Gordon's Opinion Evidence**

Courts evaluate the persuasiveness of medical opinions according to their "supportability" and "consistency." 20 C.F.R. § 404.1520c(a). Supportability is the extent to which a medical source supports the medical opinion by explaining relevant, objective

medical evidence. *Woods*, 32 F.4th at 791-92 (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency is the extent to which a medical opinion is consistent with "evidence from other medical sources and nonmedical sources in the claim." *Id*. at 792 (simplified). The ALJ must explain how persuasive she finds the medical opinions from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [she] considered the supportability and consistency factors" in reaching these findings. 20 C.F.R. § 404.1520c(b)(2). The ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Walker argues the ALJ improperly disregarded Dr. Gordon's opinion that Walker "may" be unable to complete an eight-hour workday or 40-hour workweek due to her multiple sclerosis causing severe fatigue. (Doc. 11 at 11; *see* AR 32-33, 2247.) The ALJ found that opinion was "not persuasive because it is based on conjecture regarding the claimant's subjective fatigue" and "inconsistent with . . . evidence" that Walker at one point during the disability period maintained substantial gainful activity. (AR 32.)

As to supportability, "a physician's reliance on a claimant's subjective complaints hardly undermines [his] opinion as to [her] functional limitations"; patient reports are "essential diagnostic tool[s]." *Aponte v. Comm'r of Soc. Sec. Admin*., No. CV-17-00741-PHX-DGC, 2018 WL 316847, at *3 (D. Ariz. Jan. 8, 2018) (simplified). However, the ALJ may discount the opinion if it is based "to a large extent" on self-reports by a patient rather than clinical evidence, and if the ALJ deems the patient "not credible." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (simplified). Here, the ALJ did not find Walker's self-reports regarding fatigue lacked credibility. Nor was Dr. Gordon's opinion based "to a large extent" on Walker's self-reports rather than clinical evidence as the Commissioner argues (Doc. 13 at 14): Dr. Gordon based his opinion that Walker "may" be unable to complete an 8-hour workday on her "documented medical history of multiple sclerosis," not her self-reports of fatigue. (AR 2247.) And the connection between a multiple sclerosis diagnosis and severe fatigue is not solely subjective. *See Richardson v. Berryhill*, No. 4:17-

CV-00018-RRB, 2018 WL 6220062, at *7 (D. Alaska Sept. 14, 2018) (taking into account "common symptoms" of diagnosed illness). Dr. Gordon also personally witnessed Walker "nod off several times during the evaluation" (AR 2242). *See G.S. v. Saul*, No. 3:19-CV-07543-JSC, 2021 WL 308698, at *8 (N.D. Cal. Jan. 29, 2021) (physician need not review medical records and may base opinion on physical examination). The ALJ's only reason for finding Dr. Gordon's opinion was not supported—that it was based only on subjective evidence and conjecture—was erroneous. The ALJ therefore did not have substantial evidence for discrediting this portion of Dr. Gordon's opinion based on supportability.

As to consistency, the ALJ found Dr. Gordon's opinion about the 8-hour workday to be "inconsistent with previously discussed evidence that the claimant was able to work after the alleged onset date, at times at substantial gainful activity levels." (AR 32; *see also* AR 16-18 (Walker was able to sustain work at substantial gainful activity levels for around nine months, but could not before or afterwards).) Dr. Gordon's opinion that she *may* be unable to complete full workdays is an "inconclusive" finding that does not contradict evidence that she at times has been able to complete full workdays (AR 2247). *Roegner v. Comm'r of Soc. Sec. Admin*., No. CV-20-01974-PHX-DLR, 2022 WL 1078906, at *3 (D. Ariz. Apr. 11, 2022) (remanding in part because doctor's statement that patient "may suffer from severe fatigue" was "inconclusive"). The ALJ therefore did not provide substantial evidence for an inconsistency finding, either.

The ALJ's disregard of Dr. Gordon's opinion is not based on substantial evidence and constitutes legal error.

**B. Symptom Testimony**

When a claimant has presented objective medical evidence of an underlying impairment that could reasonably cause the severity of the symptom alleged and there is no affirmative evidence of malingering, an ALJ may only reject subjective statements about the severity of the symptom by offering "specific, clear and convincing reasons for doing so." *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (simplified); *see also Orn*, 495 F.3d at 635. To show clear and convincing evidence, the ALJ cannot "single[]

out a few periods of temporary well-being from a sustained period of impairment" to find the claimant is not disabled. *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). Here, as the ALJ found, treating records (AR 25, 29) and multiple medical professionals (AR 32-33) documented fatigue among Walker's symptoms. Walker has also been diagnosed with multiple sclerosis, which could reasonably cause severe fatigue. *See Metzler v. Comm'r, Soc. Sec. Admin.*, No. 3:16-CV-02000-SU, 2017 WL 3641422, at *1 (D. Or. Aug. 24, 2017). The ALJ therefore needed clear and convincing reasons for rejecting Walker's subjective statements regarding the severity of her fatigue. *Revels*, 874 F.3d at 655.

Walker reported severe fatigue from her ailments and from medication to the point that she took multiple daily naps, stayed "in bed all day," and required her friends' help to take care of her children and meals. (AR 460, 466, 750, 828-29; *see* AR 24.) Though she did not specifically address Walker's subjective reports regarding the intensity of her *fatigue*, the ALJ found her statements regarding the severity of her symptoms as a whole to be "inconsistent" with her "relatively wide range of activities of daily living"—which included living independently, obtaining custody of and caring for her children, preparing meals, accessing resources like food stamps, and working at substantial gainful activity levels for around nine months. (AR 25, 30; *but see* AR 34 (Walker and Walker's friend reported Walker could not complete some of these daily tasks, like preparing meals).) Although the ALJ pointed to medical evidence that contradicted Walker's reports of other symptoms, like seizures and migraines, she did not do the same for fatigue (AR 25-28). *See Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993) (ALJ "must state which [symptom] testimony is not credible and what evidence suggests" that lack of credibility).

Contradictions between a claimant's symptom testimony and her daily activities provide a valid ground for discounting that symptom testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). But in using daily activities to discount a claimant's

symptom testimony, the ALJ "must make specific findings relating to [the daily] activities and their transferability" to the workplace. *Orn*, 495 F.3d at 639 (simplified); *see Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ must show claimant can spend a "substantial part" of her day "engaged in pursuits involving the performance of physical functions that are transferable to a work setting"). The ALJ did not conduct such an analysis here, failing to address the transferability of these activities to the workplace and whether Walker could conduct these activities for a "substantial" part of her day (AR 25-28). *See id*. It was therefore legal error for the ALJ to use evidence of Walker's daily activities to discount her reported symptoms. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) (finding because the ALJ did not explain inconsistencies between the claimant's daily activities and symptom testimony, the daily activities were "not a specific, clear, and convincing reason" to discount the testimony).

The ALJ also pointed to Walker's noncompliance with treatment. (AR 31.) As Walker admits (Doc. 11 at 5), she regularly failed to take medication for many of her medical issues and failed to regularly attend medical appointments and referrals, though she reported more relief from symptoms when she was compliant (AR 30-31). However, she argues good cause for that failure exists due to her schizoaffective disorder (Doc. 11 at 15), which is reflected in her medical records (*see* AR 1522 (noting auditory and visual hallucinations). Courts "do not punish the mentally ill for occasionally going off their medication" when there is "compelling reason" to view those departures as part of the claimant's mental illness. *Garrison*, 759 F.3d at 1018 n.24. And courts have recognized schizophrenia as a condition that "significantly precludes [claimants] from seeking treatment." *Jared E. v. Saul*, No. 6:19-CV-829-SI, 2020 WL 1984895, at *5 (D. Or. Apr. 27, 2020). By using noncompliance as evidence to discount Walker's symptom testimony without considering the reasons for it (*e.g.*, AR 31), the ALJ erred. *Lockwood v. Comm'r Soc. Sec. Admin.*, 397 F. App'x 288, 290 (9th Cir. 2010) (finding legal error where ALJ discounted symptom testimony due to lack of compliance but "failed to discuss the possible reasons for the noncompliance").

The ALJ therefore did not provide clear and convincing reasons supported by substantial evidence for rejecting Walker's subjective testimony about the severity of her fatigue.

**IV. Conclusion**

An ALJ's errors in a social security case are harmless if they are "inconsequential to the ultimate nondisability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (simplified). The court cannot "confidently conclude" that the combination of the ALJ's errors were harmless, so it will vacate and remand the decision with instructions for the ALJ to reconsider Dr. Gordon's opinion and Walker's symptom reports regarding her fatigue. *Id*. at 1173 (simplified).

Accordingly,

**IT IS ORDERED** vacating and remanding the July 26, 2024 decision of the ALJ.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 22nd day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**